**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MAURICE RHOADES ZULU,** | ) | **CASE NO. 1:19 CV 1821** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **PNC BANK, N.A.,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Maurice Rhoades Zulu filed this action against PNC Bank and PNC

Bank Employee David Zhou. In the Complaint (Doc. No. 1), Plaintiff indicates Zhou placed a

temporary hold on his account for two days. He asserts claims for breach of contract and

negligence. He seeks $75,000.00 in damages.

Defendants filed a Motion to Dismiss pursuant to Federal Civil Procedure Rule 12(b)(1)

and 28 U.S.C. § 1915(e)(2)(b). Defendants contend Plaintiff failed to establish diversity

jurisdiction and does not assert a federal claim to support federal question jurisdiction. They

also request this Court dismiss the action as frivolous, and deny Plaintiff's Application to

Proceed *In Forma Pauperis*. For the reasons set forth below, that Motion (Doc. No. 5) is

**GRANTED.**

## I. BACKGROUND

Plaintiff alleges his briefcase containing personal banking information with PNC Bank

was stolen from him causing him to be concerned that his account could be compromised. On

Friday, August 3, 2018, Plaintiff went to the PNC Bank Branch on Stokes Boulevard in Cleveland, Ohio and spoke with Defendant Zhou about closing his current account and opening a new one. Zhou indicated he could assist Plaintiff with opening the account and suggested leaving the current account open for a month to ensure uninterrupted direct deposits. Plaintiff stated to Zhou that he wanted to have all of his available balance moved to the new account as soon as possible and wanted immediate access to all of his funds. Zhou set up the new account and transferred the available balance from the old account. He then placed a hold on the old account. One week later, on Friday August 6, 2018, the hold was removed from the old account. In doing so, however, the bank employee inadvertently placed a hold on the new account. The hold remained on the account for the weekend. Upon learning of the error on Monday August 9, 2018, the hold was immediately removed. Plaintiff was denied access to his account for two days. He asserts this caused him physical, mental and emotional pain and seeks $ 75,000.00 in damages.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III. ANALYSIS

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises

a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states."  28 U.S.C. § 1332(a)(1).  To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states.  The citizenship of a natural person equates to his domicile.  *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990).  The second type of federal jurisdiction  relies on the presence of a federal question.  This type of  jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case.  Plaintiff is a citizen of Ohio.  Defendant Zhou is also a citizen of Ohio.  (Doc. No. 5 at 7.)  Diversity of citizenship is not complete and this cannot be the basis for federal subject matter jurisdiction.

Furthermore, Plaintiff fails to meet the amount in controversy requirement.  Diversity jurisdiction is available only if the amount in controversy exceeds $ 75,000.00.  As Defendants point out, Plaintiff's demand did not exceed $75,000.00 but instead is $ 75,000.00 exactly.  That does not meet the jurisdictional requirement.  Moreover, Plaintiff does not allege any facts that remotely suggest he suffered $ 75,000.00 in damages from the 2 day hold placed on his account over a weekend.  The amount in controversy alleged in the Complaint generally will suffice to establish federal court jurisdiction unless it appears to a legal certainty that the Plaintiff in good faith cannot claim the jurisdictional amount.  *See Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir.1990).  In this case, Plaintiff provides no basis for his demand, which appears to have

been listed simply in an attempt to meet the requirements for federal court jurisdiction. None of the facts alleged in the Complaint suggest he suffered an injury. In his letter to PNC after the incident, he demanded $ 5,000.00 in damages, without any calculation of how that amount was derived. PNC denied his request. One year later, Plaintiff now claims his damages are $70,000.00 more than he originally requested when the incident occurred. It is apparent that Plaintiff cannot in good faith claim the jurisdictional amount.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case. His two causes of action are both based on state tort law. Jurisdiction cannot be based on a federal question.

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings. He has filed nine cases in this Court. Six of them, including this case, have been dismissed as frivolous at the pleading stage.[1] The filing of frivolous lawsuits and motions strains an already

---

[1]    *See Rhoades v. CMHA*, No. 1:01 CV 1044 (N.D. Ohio June 20, 2001); *Rhoades v. CMHA*, No. 1:01 CV 1671 (N.D. Ohio Sept. 14, 2001); *Rhoades v. Kasich*, No. 1:17 CV 1558 (N.D. Ohio

burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious or frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

After a careful review of Plaintiff's conduct in this and other cases filed in the Northern District of Ohio, this Court has determined that it is necessary to impose some restrictions on Plaintiff's ability to continue on in this manner.

As an initial matter, Plaintiff did not pay the filing fee and filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)). Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir.1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d

Jan. 10, 2018); *Rhoades v. Cuyahoga Cty Comm'rs*, No. 1:08 CV 1969 (N.D. Ohio Sept. 17, 2008); *Rhoades v. CMHA*, No. 1:95 CV 435 (N.D. Ohio Mar. 29, 1995).

222, 224 (6th Cir.1989) (per curiam); *Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *4 -5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010). This case is patently frivolous. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is denied. This Court will not accept any additional documents in this case, including post judgment Motions for Reconsideration, Motions to Alter or Amend Judgment under Rule 59(e) and Motions for Relief from Judgment under Rule60(b), unless Plaintiff first pays the entire filing fee of $400.00.

Furthermore, Plaintiff is cautioned that if he continues to file frivolous lawsuits, the Court may impose sanctions including a permanent injunction prohibiting him from proceeding *in forma pauperis* in the future and requiring him to pay the entire filing fee for every new action at its initiation. The Court may also enjoin him from filing any new actions without first obtaining leave of court. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

## IV. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is **DENIED**. This Court will not accept any additional documents from Plaintiff in this case unless Plaintiff first pays the entire filing fee of $400.00. Defendants' Motion to Dismiss (Doc. No. 5) is **GRANTED** and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not

be taken in good faith.[2]

**IT IS SO ORDERED**.

_____
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[2]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.